UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                       CASE NO. 6:23-cr-98-PGB-RMN

MICHAEL VANNESS, JR.

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Michael Vanness, Jr., and the attorney for the defendant, Joshua R. Lukman, mutually agree as follows:

**A.**    **Particularized Terms**

    1.    <u>Count(s) Pleading To</u>

The defendant shall enter a plea of guilty to Counts Two through Four of the Indictment.  Counts Two and Three charge the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a). Count Four charges the defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).

    2.    <u>Minimum and Maximum Penalties</u>

Counts Two and Three carry a mandatory minimum sentence of 15 years' imprisonment with a maximum penalty of 30 years' imprisonment, a

fine of up to $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count.

Count Four carries a mandatory minimum sentence of 5 years' imprisonment with a maximum penalty of 20 years' imprisonment, a fine of up to $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

The Court shall also impose an additional special assessment, pursuant to 18 U.S.C. § 2259A, of not more than $50,000 for an offense

Defendant's Initials ___MM___                    2

involving the production of child pornography, in violation of 18 U.S.C. §2251(a).

3.     Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Counts Two and Three are:

First:     an actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:     the defendant used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Third:     the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce.

The elements of Count Four are:

First:     the defendant knowingly distributed an item or items of child pornography;

Second:     the items of child pornography had been transported, shipped, and mailed in interstate or foreign commerce; and

<ul><li>Third:    when the defendant distributed the items, the defendant believed the items were child pornography.</li></ul>

4.    <u>Counts Dismissed</u>

At the time of sentencing, the remaining count(s) against the defendant, Count One and Count Five, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    <u>Mandatory Restitution to Victim of Offenses of Conviction</u>

Pursuant to 18 U.S.C. § 2259 defendant agrees to make full restitution to known victims of the offenses for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's

Defendant's Initials _____

4

applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.     Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion

Defendant's Initials ___MN___                         5

pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: Apple iPhone 13 Pro Max, which asset was used to commit and facilitate the offenses charged in Counts Two through Four, and which was seized from the defendant on February 8, 2023.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other

means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and

USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed

beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this

Defendant's Initials __mV__                    9

agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

10. <u>Abandonment of Property - Computer Equipment</u>

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property,

and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of:

Description: One (1) Thumb drive
Barcode: E5721936

Description: One (1) Thumb drive Sandisk Ultra UBS
Barcode: E5721937

Description: One (1) Thumb drive Sandisk Ultra Trek
Barcode: E5721938

Description: One (1) Samsung Tablet
Barcode: E5721939

Description: One (1) External Hard drive
Barcode: E5721940

Description: One (1) Computer Tower SN: 077822105701 (Made in Taiwan)
Barcode: E5721941

    11.    <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a

student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.   Standard Terms and Conditions**

    1.   Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims

Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

2.   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant

factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to

provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.   The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

　　　　6.　　Sentencing Recommendations

　　　　　　It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.   The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected,

Defendant's Initials ___        15

defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.   The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice

received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth

in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __10__ day of July, 2023.

ROGER B. HANDBERG
United States Attorney

_____
Michael Vanness, Jr.
Defendant

_____
Shannon Laurie
Assistant United States Attorney

_____
Joshua R. Lukman, Esq.
Attorney for Defendant

_____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials _____                19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:23-cr-98-PGB-RMN

MICHAEL VANNESS, JR.

PERSONALIZATION OF ELEMENTS

**Counts Two and Three**

First:      Was an actual minor, that is, a real person who
            was less than 18 years old, depicted?

Second:     Did you use the minor to engage in sexually explicit
            conduct for the purpose of producing a visual depiction
            of the conduct? and

Third:      Was either (a) the visual depiction produced using
            materials that had been mailed, shipped, or transported in
            interstate or foreign commerce by any means, including
            by computer; or (b) the visual depiction actually
            transported and transmitted using any means and facility
            of interstate and foreign commerce, such as the internet

**Count Four**

First:      Did you knowingly distribute items of child pornography?

Second:     Were the items of child pornography transported, shipped,
            and mailed in interstate or foreign commerce? and

Third:      When you distributed the items, did you believe the items
            were child pornography.

Defendant's Initials _MV_                 20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:23-cr-98-PGB-RMN

MICHAEL VANNESS, JR.

### FACTUAL BASIS

On October 3, 2022, an FBI Online Covert Employee (OCE), was utilizing the Kik application and was a member of a private Kik group titled "True perverted experiences (unrestri .. ". While in the group, the OCE observed a Kik user with the username of "steveyforu21" and a display name "steveyforu21" upload images and videos of child sexual abuse material (CSAM) to the private group. The OCE was able to capture the uploads and downloaded the images and videos for preservation. On October 3, 2022, KIK username "steveyforu21" uploaded and distributed to the group via the internet two images and one video containing child pornography. The video that "steveyforu21" uploaded depicts several children who are under the age of twelve engaging in sexual activity.

Defendant's Initials _MV_                    21

On October 6, 2022, Kik responded to an administrative subpoena that identified the device that "steveyforu21" connected to the application was an iPhone. Kik provided several login IP addresses, and multiple Verizon Natting IP addresses. Charter Communications and Verizon Wireless responded to administrative subpoenas which identified the defendant as being associated with the IP addresses used to upload the CSAM to KIK. Verizon Wireless identified the device that was utilizing those IP addresses was an iPhone 13 Pro Max and belong to the defendant. The defendant was in Orange County, Florida when he distributed child pornography on October 3, 2022.

On February 8, 2023, a federal search warrant was issued for the iPhone 13 Pro Max. That same day, agents went to the defendant's residence located at xxxxx Hidden Spring Dr, Clermont and collected the defendant's phone as he exited his residence.  A state premises search warrant out of Lake County was executed. Several electronic items were seized during that search warrant including a computer tower. During a forensic analysis of the computer tower, images of CSAM were located. During the execution of the premises search warrant, it became known to law enforcement that the defendant was having sexual relations with a child victim ("CV").

During an interview of CV, she recalled that in or about July 2022, the defendant and the CV became sexually involved. The defendant texted the CV

Defendant's Initials _ MV _          22

that he wanted the CV to perform oral sex on him and masturbate with his penis. The CV recalled that in return for the sexual interactions the defendant promised to buy things for the CV and allow the CV to talk with her friends on social media. The defendant texted the CV to come to his bedroom. The CV went into the defendant's bedroom and the defendant told her to undress. The defendant made the CV lay next to him. The defendant touched the CV's bare breast and vagina. The defendant told the CV to masturbate his penis. The defendant then instructed the CV to grab lubrication out of the bathroom and perform oral sex on him. The defendant instructed the CV how to do it and the CV recalled her eyes watering up while being forced to do this. The CV stated that the defendant usually ejaculated on her breasts.

The CV also recalled an incident where she showered together with the defendant and the defendant demanded that the CV swallow his semen. These sexual acts happened multiple times (more than ten times) and the CV believed that the defendant had taken numerous images and videos of the CV performing sexual acts on him. The CV stated that she last had sexual intercourse with the defendant on February 5, 2023. The event occurred in the defendant's bedroom during the evening. The defendant threatened the CV numerous times that he would kill her if she told anyone about their sexual interactions.

During a forensic examination, located on the defendants iPhone 13 Pro

Max were the following:

**PRODUCTION VIDEO 1:**

**FILE NAME**: trim.3955F403-7CD4-4797-9523-3507804B383B.MOV

**DATE CREATED**: 6/14/2022 iPhone 13 Pro Max
**LOCATION OF CREATION:** xxxxx Corrine Key Place, Orlando 32824
**DESCRIPTION**: The video is approximately 13 seconds in length. The video is of the CV performing oral sex on the defendant. The defendant instructs the CV to "put it in between your titties".

**PRODUCTION VIDEO 2:**

**FILE NAME**: trim.A25B596F-82E9-4001-909E-B4D33F227A76.MOV
**DATE CREATED**: 8/10/2022 iPhone 13 Pro Max
**LOCATION OF CREATION:** xxxxx Corrine Key Place, Orlando 32824
**DESCRIPTION:** The video is approximately 13 seconds in length. The video is of the CV performing oral sex on the defendant. The CV is in the shower kneeling down while the defendant is standing outside the shower. The defendant is heard saying "Suck...yeah".

All iPhone 13 Pro Max are manufactured outside the State of Florida.

Thus, the iPhone 13 Pro Max that the defendant used to produce these videos of child pornography was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce

